JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NTC & CO., LLP FBO, HOWARD N. SNITOW, IRA, HAL-MAZ PARTNERS, LP, SNITOW & SNITOW [SEE ADDITIONAL SHEET]

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald J. Williams, Esquire, WILLIAMS CEDAR, LLC, 1515 Market St., Phila., PA 19102; 215.557.0099

## DEFENDANTS
PHILADELPHIA HOUSING AUTHORITY, CITY OF PHILADELPHIA, PHILADELPHIA REDEVELOPMENT AUTHORITY

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

❏ 2  U.S. Government Defendant

❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| | | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding

❏ 2  Removed from State Court

❏ 3  Remanded from Appellate Court

❏ 4  Reinstated or Reopened

❏ 5  Transferred from Another District *(specify)*

❏ 6  Multidistrict Litigation - Transfer

❏ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
This is a civil rights action, arising from defendants' taking of plaintiffs' property for public use.

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE
10/22/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

*NTC & Co., LLP FBO, et al. v. Philadelphia Housing Authority, et al.*

## PLAINTIFFS

NTC & Company, LLC FBO
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Hal-Maz Partners, LP
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Snitow & Snitow Profit Sharing Plan
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Twenty Something Sansom, LLC
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Lincoln Trust Company FBO
Howard N. Snitow IRA 100%
110 South 20th Street, Suite 200
Philadelphia, PA 19103

## DEFENDANTS

Philadelphia Housing Authority
12 South 23rd Street
Philadelphia, PA 19103

City of Philadelphia
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Philadelphia Redevelopment Authority
1234 Market Street
Philadelphia, PA 19107

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| NTC & CO., LLP FBO, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| PHILADELPHIA HOUSING | : | |
| AUTHORITY, *et al.* | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               ( X )

| | | |
|---|---|---|
| 10/22/2019 | Gerald J. Williams, Esquire | |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 215.557.0099 | 215.557.0673 | gwilliams@williamscedar.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ SEE ADDITIONAL SHEET _____

Address of Defendant: _____ SEE ADDITIONAL SHEET _____

Place of Accident, Incident or Transaction: _____ Philadelphia County _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
    *Must sign here*
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gerald J. Williams _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/22/2019    _____    36418
    *Signature Illegible/Invisible*
    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

*NTC & Co., LLP FBO, et al. v. Philadelphia Housing Authority, et al.*

## PLAINTIFFS

NTC & Company, LLC FBO
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Hal-Maz Partners, LP
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Snitow & Snitow Profit Sharing Plan
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Twenty Something Sansom, LLC
110 South 20th Street, Suite 200
Philadelphia, PA 19103

Lincoln Trust Company FBO
Howard N. Snitow IRA 100%
110 South 20th Street, Suite 200
Philadelphia, PA 19103

## DEFENDANTS

Philadelphia Housing Authority
12 South 23rd Street
Philadelphia, PA 19103

City of Philadelphia
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

Philadelphia Redevelopment Authority
1234 Market Street
Philadelphia, PA 19107

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NTC & CO., LLP FBO HOWARD N. SNITOW, IRA, HAL-MAZ PARTNERS, LP, SNITOW & SNITOW, PA PROFIT SHARING PLAN, TWENTY SOMETHING SANSOM, LLC, LINCOLN TRUST COMPANY FBO HOWARD N. SNITOW, IRA, | : : : : : : : : | CIVIL ACTION NO.:  HON. |
| **Plaintiffs,** | : : | |
| vs. | : : | JURY TRIAL DEMANDED |
| PHILADELPHIA HOUSING AUTHORITY, CITY OF PHILADELPHIA, and PHILADELPHIA REDEVELOPMENT AUTHORITY, | : : : : : | |
| **Defendants.** | : | |

## COMPLAINT (CIVIL ACTION)

### I.   NATURE OF ACTION

1.      This is a civil rights action, pursuant to 42 U.S.C. § 1983, arising from defendants' taking of plaintiffs' property for public use, without just compensation, in violation of plaintiffs' rights under the Fifth Amendment of the U.S. Constitution.

### II.   JURISDICTION AND VENUE

2.      Jurisdiction is vested in this Court by virtue of the presence of federal questions under 28 U.S.C. §1331, and the Supreme Court's decision in *Knick v. Township of Scott*; 588 U.S. ___ (2019). At all times material hereto, all defendants acted pursuant to or under color of state law, as those terms are construed under to 42 U.S.C. §1983.

3.     Venue is proper in this judicial district, as the properties whose taking gives rise to this Complaint are located therein, and all parties reside or are located therein.  All plaintiff entities are organized under Pennsylvania law.

## III.     **PARTIES**

4.     Plaintiff NTC & Company, LLC FBO Howard N. Snitow IRA ("NTC IRA") was the owner of property located at 2037 Ridge Avenue, Philadelphia, Pennsylvania 19103 and the owner of a 50% interest in property located at 2113-2123 Ridge Avenue, Philadelphia, Pennsylvania 19103.

5.     Plaintiff Hal-Maz Partners, LP ("Hal-Maz") was the owner of property located at 2125 Ridge Avenue, Philadelphia, Pennsylvania.

6.     Plaintiff Snitow & Snitow Profit Sharing Plan ("Snitow Profit Plan") was the owner of 50% interest in property located at 2113-2123 Ridge Avenue, Philadelphia, Pennsylvania 19103 (as tenants in common with Plaintiff NTC/IRA) and the owner of a 80% interest in property located at 2039 Ridge Avenue, Philadelphia, Pennsylvania 19103 (as tenants in common with Plaintiff Twenty Something Sansom, LLC).

7.     Plaintiff Twenty Something Sansom, LLC ("Twenty Something") was the owner of a 20% interest in property located at 2039 Ridge Avenue, Philadelphia, Pennsylvania 19103 as tenants in common with Plaintiff Snitow Profit Plan.

8.     Plaintiff Lincoln Trust Company FBO Howard N. Snitow IRA 100% ("Lincoln IRA") was the owner of property located at 2103-2107 Ridge Avenue, Philadelphia, Pennsylvania 19103.

9.     Defendant Philadelphia Housing Authority ("PHA") is a municipal agency of the City of Philadelphia organized under the laws of the Commonwealth of Pennsylvania, Housing

2

Authorities Law of May 28, 1937, P.L. 955, 35 P.S. §1541 *et seq.* as amended and supplemented, to develop, acquire, lease and operate low-rent housing programs and having its corporate office at 12 South 23rd Street, Philadelphia, Pennsylvania 19103.

10.     Defendant City of Philadelphia is a first class city in the Commonwealth of Pennsylvania.

11.     Defendant Philadelphia Redevelopment Authority ("PRA") is a governmental entity organized pursuant to the law of Pennsylvania, with its principal office at 1234 Market Street in Philadelphia, Pennsylvania.  At all times material hereto, PRA acted in conjunction with PHA with respect to the taking of plaintiffs' properties.

12.     On or about October 20, 2015, the Philadelphia Housing Authority, acting by and through its officials with the authority to do so, instituted a condemnation proceeding in the Court of Common Pleas for Philadelphia county captioned *A Condemnation Proceeding In Rem by the Philadelphia Housing Authority of Certain Land, Improvements and Properties Within an Area Bounded Generally by 19th Street to the East, 28th Street to the West, Cecil B. Moore Avenue to the North and College Avenue to the South, for the Purposes of Low-Income Housing Project, Land, Improvements and Properties Within an Area Bounded Generally by 19th Street to the East, 2th Street to the West, Cecil B. Moore Avenue to the North, and College Avenue to the South, for the Purposes of Low-Income Housing Projects and a Mixed-Use Project* filed at Docket No. 151001913 and filed a Declaration of Taking that included the properties owned by Plaintiffs NTC IRA, Snitow Profit Plan, Twenty Something and Lincoln IRA.

13.     On or about May 16, 2016, PHA acting by and through its officials with the authority to do so, instituted another condemnation proceeding captioned *A Condemnation Proceeding in Rem by the Philadelphia Housing Authority of Certain Land, Improvements and*

*Properties Within an Area Abounded Generally by 19th Street to the East, 28th Street to the West, Cecil B. Moore Avenue to the North and College Avenue to the South, for the Purposes of Low-Income Housing Project, Land, Improvements and Properties Within an Area Bounded Generally by 19th Street to the East, 28th Street to the West, Cecil B. Moore Avenue to the North, and College Avenue to the South, for the Purposes of Low-Income Housing Projects and a Mixed-Use Project* filed at Docket Number 160502337 and filed a Declaration of Taking that included the property owned by Plaintiff Hal-Maz Partners, LP located at 2125 Ridge Avenue, Philadelphia, Pennsylvania 19103.

14.     Collectively, the condemnations initiated by PHA were designated as the "Sharswood Condemnations."

15.     The Philadelphia Redevelopment Authority acted as the agent of Philadelphia Housing Authority in connection with the condemnation and the purported payment of just compensation to owners of the condemned properties.

16.     The City of Philadelphia passed Council Ordinances on June 18, 2015 (Council Ordinance Bill No. 150409) and on May 5, 2016 (Council Ordinance Bill No. 160221) authorizing the filing of the Declarations of Taking.

17.     The Philadelphia Housing Authority passed Resolution No. 11780 on May 21, 2015, Resolution 11801 on July 16, 2015, Resolution No. 11839 on March 17, 2016 and Resolution No. 11849 on April 21, 2016 authorizing the filing of the Declarations of Taking.

18.     According to the Council Ordinances and the PHA Resolutions, the land and improvements taken under the Declarations of Taking were acquired for the public uses and public purposes of development of a low-income housing project and a mixed-use project.

4

19.     According to the Declarations of Taking and the condemnation deeds filed therewith, the nature of the title acquired by the PHA in the Plaintiffs' condemned properties was fee simple, including all easements, rights of way and real property interests of whatever nature.

20.     On or about July 20, 2015, Plaintiffs NTC IRA, Snitow Profit Sharing, Twenty Something, and Lincoln IRA received a "Notice of Just Compensation" pertaining each of the properties they owned (2037 Ridge Avenue, 2039 Ridge Avenue, 2103-07 Ridge Avenue and 2113-2117 Ridge Avenue respectively).

21.     On May 20, 2016, Plaintiff Hal-Maz received a Notice of Just Compensation for 2125 Ridge Avenue.

22.     Per the procedure outlined in the Notices of Just Compensation and the Eminent Domain law, Plaintiffs accepted the incomplete compensation offered by PHA, with reservation of the right to seek review of PHA's valuation with the "Board of View."

23.     As set forth in more detail below, PHA, the Philadelphia Redevelopment Authority and the City of Philadelphia have refused at every stage to pay Plaintiffs full just compensation for their properties, and continue to do so.

## IV.     DEFENDANTS' FAILURE TO PAY JUST COMPENSATION.

24.     On or about October 19, 2017, PHA made payment in the amount of $35,000 to Hal-Maz as partial payment of just compensation for the taking of the property located at 2125 Ridge Avenue in accordance with Section 307 of the Eminent Doman Code, 26 Pa. C.S.A. §307.

25.     On or About October 19, 217, PHA made payment in the amount of $145,000 to NTC IRA as partial payment of just compensation for the taking of the property located at 2113-23 Ridge Avenue in accordance with Section 307 of the Eminent Domain Code, 26 Pa. C.S.A. §307.

26.     On or About October 19, 2017, PHA made payment in the amount of $22,000 to Lincoln Trust as partial payment of just compensation for the taking of the property located at 2103-07 Ridge Avenue in accordance with Section 307 of the Eminent Domain Code, 26 Pa. C.S.A. § 307.

27.     On or About October 19, 2017, PHA made payment in the amount of $39,000 to NTC IRA as partial payment of just compensation for the taking of the property located at 2037 Ridge Avenue in accordance with Section 307 of the Eminent Domain Code, 26 Pa. C.S.A. §307.

28.     On or about October 19, 2017, PHA made payment in the amount of $35,000 to Snitow Profit Plan and Twenty Something as partial payment of just compensation for the taking of the property located at 2039 Ridge Avenue in accordance with Section 307 of the Eminent Domain Code, 26 Pa. C.S.A. §307.

29.     On or about September 17, 2018, upon the Petition of the various Plaintiffs, and over the Preliminary Objections of PHA, PRA, the City of Philadelphia, the Court of Common Pleas issued an Order appointing the members of the Board of View to preliminarily consider whether the compensation paid by PHA to Plaintiffs for the properties at 2113-23 Ridge Avenue, 2103-2107 Ridge Avenue, 2039 Ridge Avenue and 2037 Ridge Avenue was just compensation or whether additional compensation was due.

30.     On February 22, 2019, after multiple continuances at the request of PHA, a Board of View Hearing was held concerning the damages due to Hal-Maz for the taking of the property at 2125 Ridge Avenue.

**A. 2125 Ridge Avenue**

6

31.     At the Board of View hearing, defendants submitted an appraisal report and expert testimony that valued the property at $38,000 (including a market value of $65,000 with a cost of demolition for the existing building of $35,000).  At the Board of View hearing, Hal-Maz submitted testimony, an appraisal report and expert testimony valuing the property at $380,000.

32.     At the Board of View hearing, defendants argued that Hal-Maz was not entitled to any delay damages prior to approximately August of 2017 when PHA allegedly "took possession" of the property, even though the Declaration of Taking and the Deed of Condemnation was filed on May 16, 2016.

33.     On February 26, 2019, the Board of View issued its report and First and Final Interlocutory Order holding that the damages incurred by Hal-Maz as a result of the taking included $280,000 for the real estate and $4,000 for attorney's fees.  The Board of View also held that delay damages interest shall run on the full award of $280,000 from May 19, 2016 until October 19, 2017 and shall run on $245,000 (award less damages paid on account) from October 20, 2017 until date of payment.  See Exhibit A, attached hereto, Board of View of Philadelphia County First and Final Interlocutory Report.

34.     The Board of View filed its first and Final Interlocutory Report with the Prothonotary of the Court of Common Pleas for the County of Philadelphia on March 8, 2019.

35.     To date, defendants still have not paid to Hal-Maz the just compensation due for taking the property at 2125 Ridge Avenue.

36.     At the Board of View hearing, defendants argued that Hal-Maz was not entitled to any delay damages prior to approximately August of 2017 when PHA allegedly "took possession" of the property, even though the Declaration of Taking and the Deed of Condemnation was filed on May 16, 2016.

7

37.     The Board of View filed its First and Final Interlocutory Report with the Prothonotary of the Court of Common Pleas for the County of Philadelphia on March 8, 2019.

38.     On or about April 6, 2019, defendants filed an appeal *de novo* of the Board of View decision to the Court of Common Pleas of Philadelphia.

39.     To date, defendants still have not paid to Hal-Maz the just compensation due for taking the property at 2125 Ridge Avenue.

**B.  2113-23 Ridge**

40.     On August 22, 2019, after multiple continuances at the request of PHA, a Board of View hearing was held concerning the damages due to NTC IRA for the taking of the property at 2113-23 Ridge Avenue.

41.     At the Board of View hearing, defendants submitted an appraisal report and expert testimony that valued the property at $145,000 (based upon, among other things, a square footage dimension of 5,664 square feet and a rate of $25.60 per square foot).  At the Board of View hearing, NTC IRA submitted testimony, an appraisal report and expert testimony valuing the property at $390,000 (based upon, among other things, a square footage dimension of approximately 7,402 square foot and a rate of $52.83 per square foot).

42.     At the Board of View hearing, defendants argued that NTC IRA was not entitled to any delay damages prior to approximately October of 2017, when PHA allegedly "took possession" of the property, even though the Declaration of Taking and the Deed of Condemnation was filed on October 15, 2015.  NTC IRA submitted briefing on the issue, to which PHA objected.

43.     On August 27, 2019, the Board of View issued its report and First and Final Interlocutory Order holding that the damages incurred by NTC IRA as a result of the taking included $330,000 for the real estate and $4,000 for attorney's fees.  The Board of View also held

that delay damages interest shall run on the full award of $330,000 from October 15, 2015 until October 19, 2017 and shall run on $185,000 (award less damages paid on account) from October 20, 2017 until date of payment. See Exhibit B, attached hereto, Board of View of Philadelphia County First and Final Interlocutory Report.

44.     The Board of View filed its First and Final Interlocutory Report with the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

45.     On or about October 4, 2019, defendants filed an appeal *de novo* of the Board of View decision to the Court of Common Pleas of Philadelphia.

46.     To date, defendants still have not paid to NTC IRA the just compensation due for taking the property at 2113-23 Ridge Avenue.

### C. 2103-07 Ridge Avenue

47.     On August 22, 2019, after multiple continuances at the request of PHA, a Board of View hearing was held concerning the damages due to Lincoln IRA for the taking of the property at 2103-07 Ridge Avenue.

48.     At the Board of View hearing, defendants submitted an appraisal report and expert testimony that valued the property at $27,000 (based upon, among other things, a square footage dimension of 1,290 square feet and a rate of $20.93 per square foot). At the Board of View hearing, Lincoln IRA submitted testimony, an appraisal report and expert testimony valuing the property at $60,000 (based upon, among other things, a square footage dimension of approximately 1,332 square feet and a rate of $45.04 per square foot).

49.     At the Board of View hearing, defendants argued that Lincoln IRA was not entitled to any delay damages prior to approximately October of 2017, when PHA allegedly "took possession" of the property, even though the Declaration of Taking and the Deed of Condemnation

was filed on October 15, 2015.  Lincoln IRA submitted briefing on the issue, to which PHA objected.

50.     On August 27, 2019, the Board of View issued its report and First and Final Interlocutory Order holding that the damages incurred by Lincoln IRA as a result of the taking included $40,000 for the real estate and $4,000 for attorney's fees.  The Board of View also held that delay damages interest shall run on the full award of $40,000 from October 15, 2015 unto November 1, 2017 and shall run on $18,000 (award less damages paid on account) from November 2, 2017 until date of payment.  See Exhibit C, attached hereto, Board of View of Philadelphia County First and Final Interlocutory Report.

51.     The Board of View filed its First and Final Interlocutory Report with the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

52.     Defendants have not filed an appeal of the Board of View decision to the Court of Common Pleas of Philadelphia, but still have not paid to Lincoln IRA the just compensation due for taking the property at 2103-2107 Ridge Avenue.

**D.  2039 Ridge Avenue**

53.     On August 22, 2019, after multiple continuances at the request of PHA, a Board of View hearing was held concerning the damages due to Snitow Profit Plan and Twenty Something for the taking of the property at 2029 Ridge Avenue.

54.     At the Board of View hearing, defendants submitted an appraisal report and expert testimony that valued the property at $33,000 (based upon, among other things, a square footage dimension of 1,226 square feet and a rate of $26.91 per square foot).  At the Board of View hearing, Snitow Profit Plan and Twenty Something submitted testimony, an appraisal report and expert

testimony valuing the property at $55,000 (based upon, among other things, a square footage dimension of approximately 1,344 square feet and a rate of $40.92 per square foot).

55.     At the Board of View hearing, defendants argued that Lincoln IRA was not entitled to any delay damages prior to approximately October of 2017, when PHA allegedly "took possession" of the property, even though the Declaration of Taking and the Deed of Condemnation was filed on October 15, 2015.  Snitow Profit Plan and Twenty Something submitted briefing on the issue, to which PHA objected.

56.     On August 27, 2019, the Board of View issued its report and First and Final Interlocutory Order holding that the damages incurred by Snitow Profit Plan and Twenty Something as a result of the taking included $45,000 for the real estate and $4,000 for attorney's fees.  The Board of View also held that delay damages interest shall run on the full award of $40,000 from October 15, 2015 until October 19, 2017 and shall run on $10,000 (award less damages paid on account) from October 20, 2017 until date of payment.  See Exhibit D, attached hereto, Board of View of Philadelphia County First and Final Interlocutory Report.

57.     The Board of View filed its First and Final Interlocutory Report with the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

58.     Defendants have not filed an appeal of the Board of View decision to the Court of Common Pleas of Philadelphia, but still have not paid to Snitow Profit Plan and Twenty Something the just compensation due for taking the property at 2039 Ridge Avenue.

**E.  2037 Ridge Avenue**

59.     On August 22, 2019, after multiple continuances at the request of PHA, a Board of View Haring was held concerning the damages due to NTC IRA and Snitow Profit Plan for the taking of the property at 2027 Ridge Avenue.

60.     At the Board of View hearing, defendants submitted an appraisal report and expert testimony that valued the property at $27,000 (based upon, among other things, a square footage dimension of 1,460 square feet and a rate of $26.71 per square foot).  At the Board of View hearing, Snitow Profit Plan and Twenty Something submitted testimony, an appraisal report and expert testimony valuing the property at $55,000 (based upon, among other things, a square footage dimension of approximately 1,384 square feet and a rate of $39.74 per square foot).

61.     At the Board of View hearing, defendants argued that NTC IRA was not entitled to any delay damages prior to approximately October of 2017, when PHA allegedly "took possession" of the property, even though the Declaration of Taking and the Deed of Condemnation was filed on October 15, 2015.  NTC IRA submitted briefing on the issue, to which PHA objected.

62.     On August 27, 2019, the Board of View issued its report and First and Final Interlocutory Order holding that the damages incurred by Lincoln IRA as a result of the taking included $45,000 for the real estate and $4,000 for attorney's fees.  The Board of View also held that delay damages interest shall run on the full award of $45,000 from October 15, 2015 until October 19, 2017 and shall run on $6,000 (award less damages paid on account) from October 20, 2017 until date of payment.  See Exhibit E, attached hereto, Board of View of Philadelphia County First and Final Interlocutory Report.

63.     The Board of View filed its First and Final Interlocutory Report with the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

64.     Defendants have not filed an appeal of the Board of View decision to the Court of Common Pleas of Philadelphia, but still have not paid to NTC IRA the just compensation due for taking the property at 2037 Ridge Avenue.

12

## V.     CAUSE OF ACTION

### COUNT I
### PLAINTIFFS VS. DEFENDANTS
### PURSUANT TO 42 U.S.C. §1983

65.     Plaintiffs incorporate by reference all preceding paragraphs as if set forth at length herein.

66.     The Fifth Amendment of the United States Constitution provides in part: "[N]or shall private property be taken for public use, without just compensation."

67.     The Takings Clause of the Fifth Amendment prohibits the federal government from taking private property for public use without providing just compensation.

68.     The Takings Clause applies to state action through the Fourteenth Amendment. *See AM. Express Travel Related Servs., Inc. v. Sidamon-Eristoff,* 669 F.3d 359, 370 (3rd Cir. 2012).

69.     Thus, Defendants, as state actors, have a Constitutional duty to pay just compensation to any citizen for its private property taken by eminent domain for a governmental purpose.

70.     Despite this well-defined duty, defendants have intentionally violated Plaintiffs' Fifth Amendment Constitutional rights to just compensation for their property.

71.     Fair compensation for the taking of Plaintiffs' properties would require payment of hundreds of thousands of dollars in excess of the amounts tendered by Defendants, as Plaintiffs have repeatedly demonstrated before the Board of View.

72.     Defendants' intentional deprivation of Plaintiffs' Constitutional rights has included repeated and intentional delays in providing even the initial partial compensation promised in the Notices of Just Compensation provided to Plaintiffs in July of 2015 and May of 2016.  It was not until October and November of 2017 (over two years from the date of the taking) that Plaintiffs

received even those limited amounts. When those payments were made, Defendants did not pay any interest or delay damages for the use of the property from October of 2015 to the date of the payments in October and November of 2017.

73. Additional evidence of Defendants' intentional deprivation of Plaintiffs' rights includes Defendants' delay in paying the compensation determined by the Board of View, even though Defendants filed no appeal to the Court of Common Pleas as to the properties at 2103-2017 Ridge Avenue, 2039 Ridge Avenue and 2037 Ridge Avenue.

74. While Defendants have appealed the Board of View decisions relating to 2125 Ridge Avenue and 2113-23 Ridge Avenue to the Court of Common Pleas, Plaintiffs are entitled to pursue relief from the federal court separately and independently for Defendants' constitutional violations.

75. As a direct and proximate consequence in fact of the acts of Defendants, their employees and agents, Plaintiffs have suffered and continue to suffer loss of their property and are entitled to damages.

## VI.    **JURY DEMAND**

76. Plaintiffs demand a jury determination of all issues so triable.

## VII.    **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiffs demand judgment against defendants individual, jointly and severally and asks the Court to:

a) award them damages in the form of the full amount of just compensation for the loss of
their properties, to each in proportion of its ownership interest(s);

b) award plaintiffs reasonable attorney fees and costs, pursuant to 42 U.S.C. §1988;

c) award plaintiffs such interest and costs as are allowed by law;

14

d)   provide such other relief as the Court finds just and equitable.

Respectfully submitted,

GERALD J. WILLIAMS, ESQUIRE
PA #36418
SAMUEL ABLOESER, ESQUIRE
PA #31602
WILLIAMS CEDAR, LLC
1515 Market Street, Suite 1300
Philadelphia, PA  19102-1929
Telephone:     215.557.0099
Facsimile:     215.557.0673
Email: gwilliams@williamscedar.com
           sabloeser@qilliamscedar.com

Dated:  10/22/19

# EXHIBIT A

*BOARD OF VIEW OF PHILADELPHIA COUNTY*
*CURTIS CENTER*
*601 WALNUT STREET~SUITE 325 EAST*
*PHILADELPHIA, PA 19106*

Filed and Attested by the
Office of Judicial Records
08 MAR 2019 11:51 am

**BV # 3543**

IN THE COURT OF COMMON PLEAS OF THE COUNTY OF PHILADELPHIA

**MAY TERM 2016, NO. 2337**
2125 RIDGE AVENUE

**THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA**
                                        Date: FEBRUARY 26, 2019

ANDREW A. CHIRLS, ESQ. (Redevelopment Authority)
FINEMAN KREKSTEIN HARRIS
1801 MARKET STREET, STE-1100
PHILADELPHIA, PA 19103

                              RE:  1st & FINAL INTERLOCUTORY
                                   REPORT BOARD OF VIEW

Dear Mr. Chirls:

    Please be advised that the undersigned Board of View will file their report in the above proceeding, a copy of which is enclosed, in the Office of the Prothonotary of the Court of Common Pleas for the County of Philadelphia on March 08, 2019.

    If there are any errors in this report, notify us before the above date and they will be corrected in accordance with Section 513 of ACT No. 34 of 2006.

    Unless objections to said report or appeals there from are filed within thirty (30) days from the date the report is filed, said report shall become final in accordance with provisions of the "Eminent Domain Code".

                              Very truly yours,

                              James J. O'Connell, Esq.
                              Ronald C. Panepinto
                              Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

cc: Julie Negovan, Esq.
    Howard N. Snitow, Esq.

1

Case ID: 180502037

**BOARD OF VIEW OF PHILADELPHIA COUNTY**
*CURTIS CENTER*
*601 WALNUT STREET~SUITE 325 EAST*
*PHILADELPHIA, PA 19106*

**BV # 3543**

In accordance with the provisions of the Eminent Domain Code, The Board of View made a view of the premises involved in this proceeding. From the evidence submitted to it, the testimony heard and a view of the premises affected by this condemnation, the Board of View does find the following:

### F A C T S

The plaintiff in this matter is Hal-Maz Partners LLC who was the owner of the property located at 2125 Ridge Avenue that was condemned by the Philadelphia Housing Authority of the City of Philadelphia on May 19, 2016. Hal-Maz Partners LLC was represented by Ms. Julie Negovan, Esq. who retained Mr. Louis A. Iatarola, MAI as their appraiser. Mr. Andrew A. Chirls, Esq. from the Redevelopment Authority represented the Philadelphia Housing Authority and retained Mr. Phillip Fortuna, MAI, SRA as their appraiser.

### C O N C L U S I O N S

| | |
|---|---|
| OWNER: | Hal-Maz Partners LLC |
| PREMISES: | 2125 Ridge Avenue |
| REAL ESTATE: | $    280,000. |
| ATTORNEY FEE: | $        4,000. |
| TOTAL AWARD: | $    284,000. |

*Interest shall run on the full award of $280,000 from May 19, 2016 until October 19, 2017 (date of payment).*

*Then interest shall run on $245,000 (award less paid on account) from October 20, 2017 until date of payment.*

For all elements of damage under the Eminent Domain Code of 2006, as amended said damages are assessed against the Philadelphia Housing Authority. All awards are subject to a credit for any sum paid on account of damages by the Philadelphia Housing Authority.

All of which is respectfully submitted.

BOARD OF VIEW

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

2

Case ID: 180802087



# CITY OF PHILADELPHIA

## *BOARD OF VIEW AWARD RECORD*

| BOARD OF VIEW NUMBER: | DATE OF TAKING: |
|---|---|
| 3543 | 5/19/16 |

**PROJECT:**

THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA-EMINENT DOMAIN PROCEEDING
IN REM

**PLOT NUMBER:**

**ADDRESS(es):**

2125 RIDGE AVENUE

---

**CLAIMANT (S):**

HAL-MAZ PARTNERS LLC

**AWARD:**

$280,000 + $4,000 ATTORNEY FEES

**BOARD MEMBERS:**

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

---

James O'Connell, Esq.

Ronald C. Panepinto

Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

DATE: 3/8/19

FOR OFFICAL USE ONLY:

Case ID: 180502037

# EXHIBIT B

***BOARD OF VIEW OF PHILADELPHIA COUNTY***
***CURTIS CENTER***
***601 WALNUT STREET~SUITE 325 EAST***
***PHILADELPHIA, PA 19106***



and Attested by the
Office of Judicial Records
05 Sep 2019 2:22 pm

BV # 3549

IN THE COURT OF COMMON PLEAS OF THE COUNTY OF PHILADELPHIA

**OCTOBER TERM 2015, NO. 1913**
2113-23 RIDGE AVENUE

**THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA**
Date: August 27, 2019

PAUL N. SANDLER, ESQ. (Redevelopment Authority)
SANDLER & MARCHESINI, P.C.
1500 WALNUT STREET, STE-2020
PHILADELPHIA, PA 19102

RE:  1st & FINAL INTERLOCUTORY
REPORT BOARD OF VIEW

Dear Mr. Sandler:

Please be advised that the undersigned Board of View will file their report in the above proceeding, a copy of which is enclosed, in the Office of the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

If there are any errors in this report, notify us before the above date and they will be corrected in accordance with Section 513 of ACT No. 34 of 2006.

Unless objections to said report or appeals there from are filed within thirty (30) days from the date the report is filed, said report shall become final in accordance with provisions of the "Eminent Domain Code".

Very truly yours,

James J. O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

cc: Julie Negovan, Esq.
    Howard N. Snitow, Esq.

1

**BOARD OF VIEW OF PHILADELPHIA COUNTY**
*CURTIS CENTER*
*601 WALNUT STREET~SUITE 325 EAST*
*PHILADELPHIA, PA 19106*

**BV # 3549**

In accordance with the provisions of the Eminent Domain Code, The Board of View made a view of the premises involved in this proceeding. From the evidence submitted to it, the testimony heard and a view of the premises affected by this condemnation, the Board of View does find the following:

## F A C T S

The plaintiff in this matter is Snitow & Snitow and NTC & Co. LLP owner Howard N. Snitow who was the owner of the property located at 2113-23 Ridge Avenue that was condemned by the Philadelphia Housing Authority of the City of Philadelphia on October 20, 2015. Mr. Howard Snitow was represented by Ms. Julie Negovan, Esq. who retained Mr. Louis A. Iatarola, MAI, SRA as their appraiser. Mr. Paul N. Sandler, Esq. from the Redevelopment Authority represented the Philadelphia Housing Authority and retained Mr. Joseph G. Vizza, MAI as their appraiser.

## C O N C L U S I O N S

| | |
|---|---|
| OWNER: | Snitow & Snitow and NTC & Co. LLP |
| PREMISES: | 2113-23 Ridge Avenue |
| REAL ESTATE: | $  330,000. |
| ATTORNEY FEE: | $      4,000. |
| TOTAL AWARD: | $  334,000. |

*Interest shall run from October 15, 2015 until October 19, 2017 on the full award of $330,000.*

*Then interest shall run from October 20, 2017 until date of payment on $185,000. (award less paid on account).*

For all elements of damage under the Eminent Domain Code of 2006, as amended said damages are assessed against the Philadelphia Housing Authority. All awards are subject to a credit for any sum paid on account of damages by the Philadelphia Housing Authority.

All of which is respectfully submitted.

BOARD OF VIEW

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

2

Case ID: 151001913

 CITY OF PHILADELPHIA

## *BOARD OF VIEW AWARD RECORD*

| BOARD OF VIEW NUMBER: | DATE OF TAKING: |
|---|---|
| 3549 | 10/15/15 |

**PROJECT:**

THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA-EMINENT DOMAIN PROCEEDING IN REM

**PLOT NUMBER:**

**ADDRESS(es):**

2113-23 RIDGE AVENUE

**CLAIMANT (S):**

SNITOW & SNITOW AND NTC & CO. LLP - HOWARD N. SNITOW, ESQ.

**AWARD:**

$330,000 + $4,000 ATTORNEY FEES

**BOARD MEMBERS:**

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

James O'Connell, Esq.

Ronald C. Panepinto

Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

DATE: 9/6/19

FOR OFFICAL USE ONLY:

Case ID: 151001913

# EXHIBIT C

*BOARD OF VIEW OF PHILADELPHIA COUNTY* and Attested by the
*CURTIS CENTER*   office of Judicial records
*601 WALNUT STREET~SUITE 325 EAST*   05 SEP 2019   pm
*PHILADELPHIA, PA 19106*



**BV # 3550**

IN THE COURT OF COMMON PLEAS OF THE COUNTY OF PHILADELPHIA

**OCTOBER TERM 2015, NO. 1913**
2103-07 RIDGE AVENUE

**THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA**
Date: August 27, 2019

PAUL N. SANDLER, ESQ. (Redevelopment Authority)
SANDLER & MARCHESINI, P.C.
1500 WALNUT STREET, STE-2020
PHILADELPHIA, PA 19102

RE:  1st & FINAL INTERLOCUTORY
REPORT BOARD OF VIEW

Dear Mr. Sandler:

Please be advised that the undersigned Board of View will file their report in the above proceeding, a copy of which is enclosed, in the Office of the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

If there are any errors in this report, notify us before the above date and they will be corrected in accordance with Section 513 of ACT No. 34 of 2006.

Unless objections to said report or appeals there from are filed within thirty (30) days from the date the report is filed, said report shall become final in accordance with provisions of the "Eminent Domain Code".

Very truly yours,

James J. O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

cc: Julie Negovan, Esq.
    Howard N. Snitow, Esq.

1

Case ID: 151001913

### BOARD OF VIEW OF PHILADELPHIA COUNTY
### CURTIS CENTER
### 601 WALNUT STREET~SUITE 325 EAST
### PHILADELPHIA, PA 19106

**BV # 3550**

In accordance with the provisions of the Eminent Domain Code, The Board of View made a view of the premises involved in this proceeding. From the evidence submitted to it, the testimony heard and a view of the premises affected by this condemnation, the Board of View does find the following:

## F A C T S

The plaintiff in this matter is Lincoln Trust Co. owner Howard N. Snitow who was the owner of the property located at 2103-07 Ridge Avenue that was condemned by the Philadelphia Housing Authority of the City of Philadelphia on October 20, 2015. Mr. Howard Snitow was represented by Ms. Julie Negovan, Esq. who retained Mr. Louis A. Iatarola, MAI, SRA as their appraiser. Mr. Paul N. Sandler, Esq. from the Redevelopment Authority represented the Philadelphia Housing Authority and retained Mr. Joseph G. Vizza, MAI as their appraiser.

## C O N C L U S I O N S

| | |
|---|---|
| OWNER: | Lincoln Trust Company |
| PREMISES: | 2103-07 Ridge Avenue |
| REAL ESTATE: | $   40,000. |
| ATTORNEY FEE: | $     4,000. |
| TOTAL AWARD: | $   44,000. |

*Interest shall run from October 15, 2015 until November 1, 2017 on the full award of $40,000.*

*Then interest shall run from November 2, 2017 until date of payment on $18,000. (award less paid on account).*

For all elements of damage under the Eminent Domain Code of 2006, as amended said damages are assessed against the Philadelphia Housing Authority. All awards are subject to a credit for any sum paid on account of damages by the Philadelphia Housing Authority.

All of which is respectfully submitted.

BOARD OF VIEW

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

2

 CITY OF PHILADELPHIA

## *BOARD OF VIEW AWARD RECORD*

| BOARD OF VIEW NUMBER: | DATE OF TAKING: |
|---|---|
| 3550 | 10/15/15 |

**PROJECT:**

THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA-EMINENT DOMAIN PROCEEDING IN REM

**PLOT NUMBER:**

**ADDRESS(es):**

2103-07 RIDGE AVENUE

**CLAIMANT (S):**

LINCOLN TRUST COMPANY - HOWARD N. SNITOW, ESQ.

**AWARD:**

$40,000 + $4,000 ATTORNEY FEES

**BOARD MEMBERS:**

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

---

James O'Connell, Esq.

---

Ronald C. Panepinto

---

Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

DATE: 9/6/19 _____

FOR OFFICAL USE ONLY:

Case ID: 151001913

# EXHIBIT D

*BOARD OF VIEW OF PHILADELPHIA COUNTY* and Attested by the
*CURTIS CENTER* Office of Judicial Records
*601 WALNUT STREET~SUITE 325 EAST* 05 SEP 2019 04:30 pm
*PHILADELPHIA, PA 19106*



BV # 3551

IN THE COURT OF COMMON PLEAS OF THE COUNTY OF PHILADELPHIA

## OCTOBER TERM 2015, NO. 1913
2039 RIDGE AVENUE

## THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA
Date: August 27, 2019

PAUL N. SANDLER, ESQ. (Redevelopment Authority)
SANDLER & MARCHESINI, P.C.
1500 WALNUT STREET, STE-2020
PHILADELPHIA, PA 19102

RE:  1st & FINAL INTERLOCUTORY
REPORT BOARD OF VIEW

Dear Mr. Sandler:

Please be advised that the undersigned Board of View will file their report in the above proceeding, a copy of which is enclosed, in the Office of the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

If there are any errors in this report, notify us before the above date and they will be corrected in accordance with Section 513 of ACT No. 34 of 2006.

Unless objections to said report or appeals there from are filed within thirty (30) days from the date the report is filed, said report shall become final in accordance with provisions of the "Eminent Domain Code".

Very truly yours,

James J. O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

cc: Julie Negovan, Esq.
Howard N. Snitow, Esq.

1

**BOARD OF VIEW OF PHILADELPHIA COUNTY**
*CURTIS CENTER*
*601 WALNUT STREET~SUITE 325 EAST*
*PHILADELPHIA, PA 19106*

BV # 3551

In accordance with the provisions of the Eminent Domain Code, The Board of View made a view of the premises involved in this proceeding. From the evidence submitted to it, the testimony heard and a view of the premises affected by this condemnation, the Board of View does find the following:

## F A C T S

The plaintiff in this matter is Snitow & Snitow and Twenty Something Sansom LLC owner Howard N. Snitow who was the owner of the property located at 2039 Ridge Avenue that was condemned by the Philadelphia Housing Authority of the City of Philadelphia on October 20, 2015. Mr. Howard Snitow was represented by Ms. Julie Negovan, Esq. who retained Mr. Louis A. Iatarola, MAI, SRA as their appraiser. Mr. Paul N. Sandler, Esq. from the Redevelopment Authority represented the Philadelphia Housing Authority and retained Mr. Joseph G. Vizza, MAI as their appraiser.

## C O N C L U S I O N S

| | |
|---|---|
| OWNER: | Snitow & Snitow |
| | Twenty Something Sansom LLC |
| PREMISES: | 2039 Ridge Avenue |
| REAL ESTATE: | $    45,000. |
| ATTORNEY FEE: | $      4,000. |
| TOTAL AWARD: | $    49,000. |

*Interest shall run from October 15, 2015 until October 19, 2017 on the full award of $45,000.*

*Then interest shall run from October 20, 2017 until date of payment on $10,000 (award less paid on account).*

For all elements of damage under the Eminent Domain Code of 2006, as amended said damages are assessed against the Philadelphia Housing Authority. All awards are subject to a credit for any sum paid on account of damages by the Philadelphia Housing Authority.

All of which is respectfully submitted.

BOARD OF VIEW

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

2

 CITY OF PHILADELPHIA

## *BOARD OF VIEW AWARD RECORD*

| **BOARD OF VIEW NUMBER:** | **DATE OF TAKING:** |
|---|---|
| 3551 | 10/15/15 |

**PROJECT:**

THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA-EMINENT DOMAIN PROCEEDING IN REM

**PLOT NUMBER:**

**ADDRESS(es):**

2039 RIDGE AVENUE

---

**CLAIMANT (S):**

SNITOW & SNITOW AND TWENTY SOMETHING SANSOM LLC - HOWARD N. SNITOW, ESQ.

**AWARD:**

$45,000 + $4,000 ATTORNEY FEES

**BOARD MEMBERS:**

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

---

James O'Connell, Esq.

Ronald C. Panepinto

Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

DATE: 9/6/19

FOR OFFICAL USE ONLY:

Case ID: 151001913

# EXHIBIT E

*BOARD OF VIEW OF PHILADELPHIA COUNTY* 
*CURTIS CENTER*
*601 WALNUT STREET~SUITE 325 EAST*
*PHILADELPHIA, PA 19106*

**BV # 3552**

## IN THE COURT OF COMMON PLEAS OF THE COUNTY OF PHILADELPHIA

### OCTOBER TERM 2015, NO. 1913
2037 RIDGE AVENUE

### THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA
Date: August 27, 2019

PAUL N. SANDLER, ESQ. (Redevelopment Authority)
SANDLER & MARCHESINI, P.C.
1500 WALNUT STREET, STE-2020
PHILADELPHIA, PA 19102

RE: 1st & FINAL INTERLOCUTORY
REPORT BOARD OF VIEW

Dear Mr. Sandler:

Please be advised that the undersigned Board of View will file their report in the above proceeding, a copy of which is enclosed, in the Office of the Prothonotary of the Court of Common Pleas for the County of Philadelphia on September 6, 2019.

If there are any errors in this report, notify us before the above date and they will be corrected in accordance with Section 513 of ACT No. 34 of 2006.

Unless objections to said report or appeals there from are filed within thirty (30) days from the date the report is filed, said report shall become final in accordance with provisions of the "Eminent Domain Code".

Very truly yours,

James J. O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

cc: Julie Negovan, Esq.
Howard N. Snitow, Esq.

1

Case ID: 151001913

**BOARD OF VIEW OF PHILADELPHIA COUNTY**
*CURTIS CENTER*
*601 WALNUT STREET~SUITE 325 EAST*
*PHILADELPHIA, PA 19106*

**BV # 3552**

In accordance with the provisions of the Eminent Domain Code, The Board of View made a view of the premises involved in this proceeding.  From the evidence submitted to it, the testimony heard and a view of the premises affected by this condemnation, the Board of View does find the following:

<u>F A C T S</u>

The plaintiff in this matter is NTC & Co. LLP owner Howard N. Snitow who was the owner of the property located at 2037 Ridge Avenue that was condemned by the Philadelphia Housing Authority of the City of Philadelphia on October 20, 2015.  Mr. Howard Snitow was represented by Ms. Julie Negovan, Esq. who retained Mr. Louis A. Iatarola, MAI, SRA as their appraiser.  Mr. Paul N. Sandler, Esq. from the Redevelopment Authority represented the Philadelphia Housing Authority and retained Mr. Joseph G. Vizza, MAI as their appraiser.

<u>C O N C L U S I O N S</u>

| OWNER: | NTC & Co. LLP |
| PREMISES: | 2037 Ridge Avenue |
| REAL ESTATE: | $    45,000. |
| ATTORNEY FEE: | $     4,000. |
| TOTAL AWARD: | $    49,000. |

*Interest shall run from October 15, 2015 until October 19, 2017 on the full award of $45,000.*

*Then interest shall run from October 20, 2017 until date of payment on $6,000 (award less paid on account).*

For all elements of damage under the Eminent Domain Code of 2006, as amended said damages are assessed against the Philadelphia Housing Authority. All awards are subject to a credit for any sum paid on account of damages by the Philadelphia Housing Authority.

All of which is respectfully submitted.

BOARD OF VIEW

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

2



# CITY OF PHILADELPHIA

## *BOARD OF VIEW AWARD RECORD*

| BOARD OF VIEW NUMBER: | DATE OF TAKING: |
|---|---|
| 3552 | 10/15/15 |

**PROJECT:**

THE PHILADELPHIA HOUSING AUTHORITY OF THE CITY OF PHILADELPHIA-EMINENT DOMAIN PROCEEDING IN REM

**PLOT NUMBER:**

**ADDRESS(es):**

2037 RIDGE AVENUE

**CLAIMANT (S):**

NTC & CO. LLP - HOWARD N. SNITOW, ESQ.

**AWARD:**

$45,000 + $4,000 ATTORNEY FEES

**BOARD MEMBERS:**

James O'Connell, Esq.
Ronald C. Panepinto
Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

James O'Connell, Esq.

Ronald C. Panepinto

Eileen H. Lynn, MAI, AI-GRS, MRICS, R/W-AC

DATE: 9/6/19

FOR OFFICAL USE ONLY:

Case ID: 151001913